## BROWN v. DAVIDSON.

1. **Habeas Corpus:** COMMITMENT FOR CONTEMPT BY INSANE HOSPITAL VISITING BOARD. As no power is conferred upon the visiting committee of an insane hospital, either by special or general provision of the Code, to punish for a contempt, such committee cannot exercise such power, and the plaintiff, who was restrained of his liberty upon the order of such committee, for refusing to testify before it, was properly discharged on writ of *habeas corpus*.

*Appeal from order of Judge of Henry Circuit Court.*

### THURSDAY, OCTOBER 5.

The plaintiff presented to the Judge of Henry Circuit Court a petition for a writ of *habeas corpus*, alleging that he was unlawfully restrained of his liberty by J. R. Davidson, sheriff of Henry county, in the county jail of said county. A writ of *habeas corpus* was duly issued to said sheriff to which he made return and answer substantially as follows:

"That said Brown is now held by me as sheriff of Henry county, Iowa, by virtue of a writ of process issued and directed by the visiting committee of the Iowa Hospital for the Insane.

"That the writ of commitment was issued and served on the said Brown on July 27th, at or near the hour of 4 o'clock, P. M. of said day, and at a time for the adjournment of said board until the next day, and said board did adjourn until the next day; that said board, or visiting committee, was in session at the city of Mt. Pleasant, Iowa, where one of the hospitals for the insane of Iowa is located; that the said board were at the time in the investigation of whether the inmates of said hospital are and have been by the present officers of said hospital humanely and kindly treated, and for the purpose to correct any abuses found to exist at and in said hospital.

"That said board, or visiting committee, had been advised that said Brown before mentioned had knowledge and possesssed facts pertinent to and touching the matters under investigation by said board, as before and above alleged.

"That for said purposes aforesaid, the said Brown was, July 27, 1881, duly and regularly subpoenaed to be in attendance before said board there visiting for said purposes, and to there appear forthwith; that said Brown failed to obey said subpoena, whereupon an attachment was issued by said committee for said Brown, on which he was arrested and taken before said committee to testify, as aforesaid.

"That the said Brown was then and there notified of the purpose for which he was arrested and taken before said committee, and was asked to be sworn as a witness to testify to such facts as were within his knowledge touching said matters then under investigation; but the said Brown failed and willfully refused to be sworn or testify to any fact within his knowledge touching said matters, and, giving no reason or excuse therefor, he was by said committee adjudged in contempt, and by said committee ordered committed, as shown by the warrant of commitment, which was duly signed by the committee."

To this return and answer the plaintiff demurred. The demurrer was sustained, and the defendant refusing to answer farther, the petitioner was discharged. The defendant appeals.

*Smith McPherson, Attorney-general,* for appellant.

*D. P. Stubbs,* for appellee.

DAY, J.—The question involved in this case pertains to the power of the visiting committee provided for by section 1435, of the Code to punish for a contempt. This section provides for a visiting committee of three, one of whom at least shall be a woman, to be appointed by the governor, who may visit the insane asylum of the State at their discretion, and, upon such visit, go through the wards unaccompanied by any officer of the institution, with power to send for persons and papers, and to examine witnesses on oath, to ascertain whether any of the inmates are improperly detained in the hospital, or unjustly placed there, and whether the inmates are humanely treated, with full power to correct any abuses found to exist. Section 3491 of the Code confers general authority upon the courts of this State, and, upon any judicial officer acting in the discharge of an official duty, to punish for contempts.

Other provision of the statute confers upon certain officers not judicial, specific power to punish for contempts. See Code, § § 14, 16, 356, 2820, 3145, and 3680.

No specific power is conferred upon the visiting committee authorized in section 1435 of the Code to punish for a contempt. Such power is not conferred by the general provisions of section 3491, for, whilst the visiting committee may exercise quasi judicial powers, they are not a court nor judicial officers acting in the discharge of official duty.

As no power is conferred upon the visiting committee, either by specific or general provision of the Code, to punish for a contempt, we are of the opinion that they cannot exercise such power. Upon this subject see *Rutherford v. Holmes,* 66 N. Y., 368; *Watson v. Nelson,* 69 Id., 536; *Noyes v. Byxbee,* 45 Conn., 382.

AFFIRMED.